UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GORDON L. CARR**                                                                                    **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 1:05CV554 LTS-JMW**

**DAVID L. DENNISON and NATIONWIDE**
**MUTUAL FIRE INSURANCE COMPANY**                                      **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiff Gordon L. Carr's (Carr) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Carr was a policy holder insured by Defendant Nationwide Mutual Fire Insurance Company (Nationwide) and that Defendant David L. Dennison (Dennison) was the agent through whom Carr purchased his Nationwide policy.

According to the complaint, when Carr purchased his Nationwide homeowners policy, Defendant Dennison "told Plaintiff that he had hurricane coverage and that he did not need and could not get any 'flood' coverage." Carr contends that Dennison misrepresented the extent of the coverage Carr purchased from Nationwide, and Carr also alleges that Dennison failed to procure the insurance Carr sought.

### Legal Theory Supporting Removal - Fraudulent Joinder

Nationwide's citizenship is diverse from Carr's; Dennison's citizenship is not. If Dennison is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on Nationwide's assertion that Carr has fraudulently joined Dennison as a defendant, and, having made that assertion, Nationwide bears the burden of proving it to be true. B., Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. Dodson v. Spiliada Maritime Corp., 951 F2d 40 (5th Cir.1992); Hart v. Bayer Corp., 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

### Allegations of the Complaint

Carr has alleged that when he purchased his Nationwide homeowners policy Dennison told him he did not need to purchase flood insurance and that he was not eligible to purchase a flood insurance policy. According to the complaint, Carr relied upon Dennison's statements in purchasing the Nationwide coverage in question. Plaintiff alleges that Dennison's representations were negligent, that the representations were material, that he reasonably relied upon these representations, and that he has suffered damage as a result of this reliance.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. McKinnon v. Batte, 485 So.2d 295 (Miss.1986); Lovett v. Bradford, 676 So.2d 893 (Miss.1996); First United Bank of Poplarville v. Reid, 612 So.2d 1131 (Miss.1992).

     As insurance agent or adjuster who acts with gross negligence, malice, or with reckless disregard for the rights of the insured during the process of adjusting a loss or considering the merits of a claim may incur individual liability for such acts.  Bass v. California Life Ins. Co., 581 So.2d 1087 (Miss.1991).

Negligent Misrepresentation Under Mississippi Law

     Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984); Spragins v. Sunburst Bank, 605 So.2d 777 (Miss.1992).  These essential elements may fit Carr's theory of recovery and allegations against Dennison.

     An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation.  In Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

     Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Representations made by an insurer's agent may become binding when an insured reasonably relies upon the representations in purchasing insurance. Scott v. Transport Indemnity Co., 513 So.2d 889 (Miss.1987); Nichols v. Shelter Life Insurance Co., 923 F.2d 1158 (5th Cir.1991).

Of course, the truth of Carr's allegations, the circumstances in which Dennison's alleged representations were made, the question of whether Carr reasonably relied upon the statements he attributes to Dennison, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Carr's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Carr's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Dennison and Nationwide have failed to establish that Carr has no viable legal theory upon which he may proceed against Dennison.

I cannot accept Nationwide's argument that this Court has exclusive jurisdiction of this claim under the National Flood Insurance Program. Carr's state court complaint raises no issue of coverage under a flood insurance policy issued as part of this program. Thus, there is no federal question on the face of Carr's complaint.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 1st day of May, 2006.

                                                  s/ *L. T. Senter, Jr.*

                                                  L. T. Senter, Jr.
                                                  Senior Judge