**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**GORDON L. CARR**                                                                                   **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO.1:05CV554 LTS-RHW**

**DAVID L. DENISON and
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**           **DEFENDANTS**


**MEMORANDUM OPINION
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

The Court has before it the motion [26] of Defendants Nationwide Fire Insurance Company (Nationwide) and David L. Denison (Denison) for reconsideration of the order entered on May 1, 2006, granting Plaintiff Gordon L. Carr's (Carr) motion to remand. For the reasons set out below, this motion will be denied.

Nationwide's motion is based on three contentions:

1. Nationwide contends that the Court erred in applying the legal standard applicable to actions that have been removed based on allegations of fraudulent joinder.

2. Nationwide contends that the plaintiff's claim against Denison is time barred.

3. Nationwide contends that the Court erred in determining that this case does not fall within its federal question jurisdiction.

**Misjoinder, Diversity Jurisdiction, and the Applicable Legal Standard**

I have read and considered the authorities relied upon by the defendants, and I have carefully reviewed the record in this case. I find that there are affidavits in the record submitted both by Denison and by Carr. These affidavits present different versions of the interaction that is at the heart of this case, i.e. the negotiations for the purchase of insurance coverage on Carr's residence.

Denison's affidavit indicates that there were no discussions between Denison and Carr concerning flood insurance prior to Hurricane Katrina. (Denison Affidavit Paragraph 8) Carr's affidavit indicates that there was such a discussion. (Carr Affidavit Paragraph 2) Carr states that Denison specifically advised him not to purchase flood coverage and that he relied upon that advice to his (Carr's) detriment.

Given the substance of these conflicting affidavits, there is a genuine issue of material fact concerning whether this discussion took place and, if so, what the substance of the conversation was.  Thus, regardless of whether I apply the legal standard for a Rule 12(b)(6) motion to dismiss or the legal standard for a Rule 56 motion for summary judgment, Carr's version of his conversation with Denison and the allegations based on that conversation are sufficient to state a cause of action against Denison.

My reading of the authorities relied upon by Nationwide indicates that the Court has broad discretion in ruling on a motion to remand that permits, but *does not require*, that evidence outside the pleadings to be taken into consideration.  Regardless of which legal standard is applied to the record in this case, the result is the same.  Denison and Nationwide have not established, as a matter of law, that Carr's cause of action against Denison is groundless.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Whether the duty of reasonable care makes it incumbent on an agent to advise a customer concerning the amounts and types of coverage the customer should purchase is a question of fact that depends on the relationship between the agent and the customer, the circumstances and course of dealings between them, and many other facts which may have a bearing on this issue.  These are all fact-specific inquiries.

With respect to the issue of diversity jurisdiction, the sole question before me is whether, assuming the truth of the allegations made in the complaint, and granting the plaintiff all favorable inferences of fact in support of his theory of recovery, the plaintiff has a reasonable probability of establishing a right of recovery against Denison individually.  In making this inquiry, I must not only accept all the substantive allegations of the Complaint as true and grant all inferences favorable to the plaintiff's theory of recovery against Denison, but I must also resolve all doubtful issues of law in the plaintiff's favor.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Mississippi law recognizes a duty of reasonable care owed by one who undertakes to act as an agent to procure insurance coverage.  If the plaintiff can substantiate the allegations he has made against Denison, there is at least a reasonable probability that he would state a cause of action for negligence under Mississippi law. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  This is a big "if," but the merits of Carr's claim against Denison are not before me at this point.  I express no opinion on the ultimate resolution of this claim, but I am satisfied that Carr's allegations are sufficient to withstand a motion to dismiss or a motion for summary judgment.

Thus, I find that the complete diversity of citizenship necessary to establish subject matter jurisdiction under 28 U.S.C. §1332 is lacking in this action.

### The Statute of Limitations

The record is unclear concerning the date the alleged discussions between Carr and Denison took place. Denison's affidavit does not identify a date because Denison denies that any conversation took place. Carr's affidavit is also vague, specifying only "when I moved back to Mississippi and began to use the house on Lewis Street as my own residence," (Carr Affidavit Paragraph 2) as a time frame for the conversation he has alleged. The state court complaint alleges that this conversation took place "[a]t the time Plaintiff purchased and/or renewed the policy in question." (Complaint Paragraph 4) The policy itself was issued on June 29, 2005, covering a policy period from July 27, 2005, through July 27, 2006. The defendants have submitted no evidence in support of their motion for reconsideration by which I can definitively ascertain the date of the alleged conversation. I cannot make a finding that the statute of limitations has run without knowing this vital date.

In the context of deciding an issue of fraudulent joinder, it is the defendants who have the burden of proving that the plaintiff's claim against the non-diverse defendant is not viable. With respect to the issue of the statute of limitations, I can find no authority which establishes the date the statute begins to run in the circumstances alleged in this complaint. Because the plaintiff has selected a theory of recovery against Denison based on allegations of negligence, his cause of action may not have accrued on the date of the conversation he has alleged. His cause of action may have accrued on the date he knew or should have known that the misconduct he alleges had taken place. In some circumstances, a cause of action for negligence may not accrue until the plaintiff suffers damages from the misconduct. This is an issue of law that must be answered on a more fully developed record than the one now before me. I find that this issue is one on which the plaintiff is entitled to the benefit of the doubt at this juncture.

### Federal Question Jurisdiction under the National Flood Insurance Act

The plaintiff's action is based on a failure to procure flood insurance coverage. It is not based on allegations that a flood insurance claim was improperly adjusted nor on allegations that an existing flood insurance policy was not administered properly. This Court has jurisdiction under 28 U.S.C. §1331 of cases where there are claims of improper adjustment of claims or the improper administration of flood insurance policies. As I appreciate the allegations of the complaint, Carr's claim is based on a failure to procure flood insurance, and even that theory of recovery is once removed, i.e. Carr did not request flood insurance under the National Flood Insurance Program, allegedly because Denison advised Carr that securing such coverage "would be a waste of money." (Carr Affidavit Paragraph 2) This type of allegation does not have a bearing on the National Flood Insurance Program sufficient to support federal question jurisdiction.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge).

I disagree with the defendants' contention that they should be permitted to undertake an interlocutory appeal of this decision.

Accordingly, I will deny the motion for reconsideration [26]. An appropriate order will be entered.

**SO ORDERED** this 14th day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge